**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>AARON SCOTT VIGIL,<br><br>              Defendant - Appellant. | No. 13-50445<br><br>D.C. No. 8:11-cr-00121-AG-1<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>LAWRENCE ANTHONY WITSOE,<br><br>              Defendant - Appellant. | No. 13-50630<br><br>D.C. No. 8:11-cr-00121-AG-2 |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

Defendants Vigil and Witsoe appeal from their bribery-related convictions. We affirm.

It is not clear that the government committed prosecutorial misconduct when it referred to Witsoe's incriminating statements as a "confession" during closing argument. *See United States v. Scott*, 267 F.3d 729, 742 (7th Cir. 2001); *United States v. Goodlow*, 105 F.3d 1203, 1207 (8th Cir. 1997). *But see United States v. Morsley*, 64 F.3d 907, 913 (4th Cir. 1995). Although Witsoe did not specifically use the word "bribe," his statements were nonetheless incriminating, and prosecutors are free "to ask the jury to draw inferences from the evidence that the prosecutor believes in good faith might be true." *United States v. Reyes*, 660 F.3d 454, 462 (9th Cir. 2011) (quoting *United States v. Blueford*, 312 F.3d 962, 968 (9th Cir. 2002)). Even if the government's conduct was improper, the defendants have failed to show that the "misconduct materially affected the fairness of the trial" in light of the brevity of the government's statements and the district court's specific

---

[**] The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

curative instruction. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000) (citation omitted).

The government did not breach any so-called "*Bruton* stipulation" because no stipulation existed. The email discussion between the prosecutor and defense counsel was merely an exchange about the possibility of a stipulation. The parties never subsequently consummated an actual agreement. While defense counsel did refer to the *Bruton* memorandum as "what's been stipulated to" in front of the district court, the prosecutor made clear during the same colloquy that he had a different understanding of the meaning and scope of his *Bruton* obligations.

No *Bruton* violation occurred. *See Bruton v. United States*, 391 U.S. 123 (1968). Agent Murray's statements did not facially refer to Vitsoe or any other third party, and any incrimination of Vigil was merely inferential. *See Richardson v. Marsh*, 481 U.S. 200, 209–11 (1987); *cf. United States v. Mayfield*, 189 F.3d 895, 990 (9th Cir. 1999) (finding *Bruton* violation when the confession stated that the codefendant had sold drugs for "an individual").

We find no *Brady* violations. *See Brady v. Maryland*, 373 U.S. 83 (1963). We agree with the defense that the reason for the dismissal of Gillis's misdemanor charges was favorable and that the government did not reveal it. The defense failed, however, to show a reasonable probability of a different outcome had this

information been disclosed. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Notwithstanding the government's failure to disclose the information, the jury learned the essential substance of it through both of the defendants' opening statements and through Deputy District Attorney Hess's testimony.

There was also no *Brady* violation with respect to Gillis's medical conditions. Defense counsel appears to have known before trial that Gillis suffered from epilepsy and that he used OxyContin. To the extent defense counsel may not have known all of the information regarding Gillis's medical conditions, the defendants have failed to show materiality. The government had a strong case. Witsoe essentially explained the bribery scheme to Gillis in the undercover recordings, and the government had an extensive paper trail showing the transfer of money from Witsoe to Vigil. A few questions about Gillis's medical conditions would not likely have changed the outcome.

Finally, there was no *Brady* violation with respect to the Teleconference Notes and Timeline. Even if the government's claims that it took absolutely no notes during any of its multiple interviews with Gillis was unusual, the defendant bore the "initial burden of producing some evidence" that the government failed to disclose favorable information in its possession. *United States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009). The defense has failed to show that the Teleconference

Notes or Timeline contained any favorable information, let alone information that created a reasonable probability of an acquittal.

The government's destruction of the Teleconference Notes and Timeline did not violate the Jencks Act. 18 U.S.C. § 3500. The district court correctly found that the documents were not "statements" within the meaning of the Act. Although Gillis does appear to have "made" the Timeline, there is no evidence that he "signed or otherwise adopted or approved" either the Teleconference Notes or Timeline. 18 U.S.C. § 3500(e)(1); *see also United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009) (holding that there was no Jencks Act violation when a government agent "had taken handwritten notes of interviews, converted them into a typed report, and then destroyed the original notes" because there was no evidence that the notes were "adopted or approved by any of the witnesses").

The district court did not abuse its discretion in its response to Jury Note 2. The district court's original instructions were not misleading, unresponsive, incorrect, or ambiguous, and thus the district court did not err by simply referring the jury back to the entire instructions. *Arizona v. Johnson*, 351 F.3d 988, 995 (9th Cir. 2003).

Finally, the district court did not violate the defendants' Confrontation Clause rights by limiting defense counsel's cross-examination of Gillis regarding

inconsistencies in his statements about being "threatened" and his willingness to distribute OxyContin to Witsoe. The district court correctly determined that there were legitimate interests — specifically the interests contained in Federal Rules of Evidence 403 and 404 — outweighing the defendants' need to present the evidence. *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc).

**AFFIRMED.**